UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

**FEB 1 1 2011**

CLERK

| | | |
|---|---|---|
| ADAM TROBEE, | ) | CIV. 10-5093-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Adam Trobee was previously convicted of the crime of possession of material

constituting child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). United States

v. Trobee, CR. 01-50069-RHB (D.S.D. July 17, 2001) (hereinafter Trobee I).  On March 11,

2002, Trobee was sentenced to serve 33 months incarceration and a term of 3 years

supervised release.  See id. at Docket #20.  The conditions of supervised release

consisted of the following pertinent restrictions.

> 13.    The defendant shall submit to a warrantless search of his person,
> residence, place of business, or vehicle, at the discretion of the
> probation officer.
> . . .
> 15.    The defendant shall consent to his probation officer and/or probation
> service representative conducting periodic unannounced
> examinations of his computer(s) equipment which may include
> retrieval and copying of all memory from hardware/software to
> ensure his compliance with this condition and/or removal of such
> equipment for the purposes of conducting a more thorough

> inspection; and consent, at the direction of his probation officer, to having installed on his computer(s) at his expense, any hardware or software systems to monitor your computer use or prevent access to particular materials.
>
> . . . .
>
> 19. The defendant shall refrain from accessing via a computer any 'material' that relates to the activity in which he was engaged in committing the instant offense or violation behavior, namely, possession of child pornography.
>
> 20. The defendant shall not possess or use a computer with access to any 'on-line' computer service at any location (including employment or education) without prior written approval fo the U.S. Probation Office or this Court. This includes any Internet Service Provider, bulletin board system, or any other public or private computer network. Any approval shall be subject to any conditions set by the U.S. Probation Office or the Court with respect to that approval.

Id. at Docket #29, Judgment.

Trobee's term of supervised release commenced on December 16, 2003. See id. at Docket #30. Trobee thereafter violated the terms of his supervised release. On August 17, 2006, a petition to revoke his supervised release was filed and Trobee was placed in custody pending the revocation proceedings. See id. The petition to revoke supervised release provides as follows:

> [O]n 8/15/06 this officer was informed by the Pennington County Sheriff's Office that Adam was accessing the Internet via a wireless system. It was not known if he was viewing any pornographic images; however, it was verified he was accessing the Internet.
>
> On 8/16/06 this case staffed with Supervising United States Probation Officer (SUSPO) Rick LeVeque, at which time it was decided a search of his residence was appropriate as long as we were accompanied by Investigator Young and Investigator Glass of the Pennington County Sheriffs's Office.

2

Adam was directed to report to the Probation Office later that afternoon, where he was confronted by this officer. He admitted accessing the Internet via a wireless system at various locations throughout the city. He also admitted viewing pornographic material which contained images of children and adults. He explained he had been engaging in this behavior for a minimum of two weeks. He then signed the Consent for Search Form to allow the Probation Office or a representative of said office to search his residence.

During the investigation, Adam admitted downloading a minimum of 300 child pornographic images. He was not arrested prior to the search; however, he was advised of his rights by Investigator Young.

Id.

On October 18, 2006, Trobee was indicted. United States v. Trobee, CR. 06-50082-RHB (D.S.D. October 18, 2006) (hereinafter Trobee II). The indictment charged only one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2246(8)(A). See id. at Docket #1. The matter was initially assigned to the Honorable Karen E. Schreier. On November 3, 2006, Judge Schreier issued a scheduling order setting a deadline of November 22, 2006, for the filing of any motions to suppress and a trial date of January 9, 2007. See id. at Docket #6. On November 22, 2007, Trobee moved for a continuance which was granted. See id. at Dockets #11 and #12. A scheduling order was issued that same day setting January 10, 2007, as the deadline for the filing of a suppression motion and scheduling the trial to commence on February 27, 2007. See id. at Docket #12. Another continuance motion was filed by Trobee. See id. at Docket #14. Again, the motion was granted and Judge Schreier issued a scheduling

order on January 30, 2007, which required that all motions to suppress be filed on or

before February 21, 2007, and set the trial for April 17, 2007. See id. at Docket #15.

On March 12, 2007, the matter was reassigned to this Court for disposition. See

id. at Docket #17. Judge Schreier's scheduling order dated January 30, 2007, was still in

effect. On April 11, 2007, Trobee again moved for a continuance. See id. at Docket #19.

This motion was also granted. See id. at Docket #20. However, the Order dated April

16, 2007, did not provide for a continuation of the deadline to file a motion to suppress

as that deadline had passed on February 21, 2007. See id. Accordingly, the Order

merely provided for the continuation of trial date to June 26, 2007. See id.

A revocation hearing in the prior matter was held on April 18, 2007. Trobee I,

Docket #42. During that hearing, Trobee denied the allegations of possessing child

pornography in violation of his conditions of supervised release. See id. The

prosecution called the probation officer as a witness. See id. Upon receipt of the

evidence, the Court found that Trobee had violated his supervised release and

sentenced him to serve a term of 24 months incarceration with no supervised release to

follow. See id.

On May 30, 2007, Trobee's counsel moved to suppress evidence and statements

obtained by the probation officer and other law enforcement officials during the

investigation of Trobee's potential supervised release violations. Trobee II, Docket #22.

4

The Court ruled that the motion was untimely and refused to consider it. See id. at

Docket #24. Trobee moved for reconsideration. See id. at Docket #27. In that motion

for reconsideration, counsel stated that "[d]efendant had not filed a suppression motion

in hopes of retaining his plea options and based upon a good faith belief that an

agreement could be reached." Id. The Court, however, found that this was insufficient

to evidence the existence of good cause for missing the Court's deadline and denied the

motion for reconsideration. See id. at Docket #28. Approximately two weeks later,

Trobee entered a plea of guilty to the sole count of the indictment. See id. at Docket #34.

On September 5, 2007, Trobee was sentenced to a term of 120 months incarceration to be

served consecutive to the sentence for his violation of supervised release. See id. at

Dockets #39 and #40.

    Trobee then appealed the matter to the Eighth Circuit. See id. at Docket #43. The

Eighth Circuit found that the Court did not abuse its discretion in determining that the

motion to suppress was untimely and refusing to consider it. United States v. Trobee,

551 F.3d 835 (8th Cir. 2009). The Eighth Circuit further affirmed the sentence of the

Court. See id.

    Trobee now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging

that his conviction was obtained in violation of his constitutional rights. The Court will

examine each of Trobee's allegations individually.

## DISCUSSION

### A.    Fifth Amendment Rights

Trobee asserts that his admissions that he possessed child pornography were obtained in violation of his Fifth Amendment rights.  Trobee first contends that his right against self-incrimination was violated when he was compelled to participate in an evaluation by Dr. Janz for sex offender treatment in 2003.  The Court need not address this allegation as the indictment of this matter references possession of child pornography in August of 2006.  Furthermore, any statements made to Dr. Janz were not the basis of the search of Trobee's home and computers, nor were the statements before this Court with regard to the criminal prosecution which is the subject of this habeas petition.  As a result, the Court finds that a determination of this allegation would not effect Trobee's conviction and/or custody in this matter.

Trobee also asserts that he was compelled to answer questions posed to him by his probation officer which resulted in the subsequent search and discovery of Trobee's criminal activity.  Trobee states that one of his conditions of supervised release requires him to answer truthfully to all inquiries made by his probation officer.  As a result, Trobee reasons that when his probation officer asked him questions regarding his conduct, he was under duress and compelled to answer the questions truthfully.

6

The United States Supreme Court addressed a similar allegation in Minnesota v. Murphy, 465 U.S. 420, 104 S. Ct. 1136, 79 L. Ed. 2d 409 (1984).  In Murphy, a probation officer had received information that a probationer had confessed to committing rape and murder prior to his underlying conviction.  See Minnesota v. Murphy, 465 U.S. 420, 423, 104 S. Ct. 1136, 1140, 79 L. Ed. 2d 409 (1984).  The probation officer, having decided to report the information to the police, requested that the probationer meet with her to discuss sex offender treatment.  See id.  At that meeting, the probation officer confronted the probationer with the information she had received as to his confession of prior crimes.  See id. at 423-24, 104 S. Ct. at 1140.  The probationer admitted that he had committed rape and murder prior to his instant conviction for false imprisonment.  See id. at 424, 104 S. Ct. at 1140.  The probation officer relayed the information to law enforcement authorities and the probationer was charged with first-degree murder.  See id. at 425, 104 S. Ct. at 1141.  The probationer thereafter moved to suppress the statements made to the probation officer.  See id.  The probationer alleged that because of the compulsory nature of his meeting with his probation officer and because a condition of his probation was to be truthful with his probation officer regarding all matters,  he was compelled to make the admissions in violation of his Fifth Amendment rights.  See id.

7

In rejecting his position, the United States Supreme Court first noted that "the general obligation to appear and answer questions truthfully did not itself convert [the probationer's] otherwise voluntary statements into compelled ones." Id. at 427, 104 S. Ct. at 1142. The Court further noted that in order to be protected by the Fifth Amendment, it was incumbent upon the probationer to assert the privilege "'or he will not be considered to have been "compelled" within the meaning of the Amendment.'" Id. (quoting United States v. Monia, 317 U.S. 424, 427, 63 S. Ct. 409, 410, 82 L. Ed. 376 (1943)). Finding that the probationer failed to assert the privilege, the Court determined that he could not be protected by the Fifth Amendment after the fact. See Murphy, 465 U.S. at 440, 104 S. Ct. at 1149. The Supreme Court went on to examine whether the probationer's situation fit within one of the exceptions to the rule regarding the assertion of the privilege (i.e., custodial interrogation, penalization for the assertion of the privilege, federal occupational and excise taxes on gamblers) and found that none of the exceptions were applicable. See id. As an exception did not apply to the probationer's circumstances, the Supreme Court ruled that the probationer's admissions to his probation officer were not in violation of the Fifth Amendment. See id.

In the instant case, there is no indication that Trobee asserted his Fifth Amendment privilege when speaking with his probation officer. Like the case in Murphy, the posing of a question that is incriminating by nature, does not absolve

8

Trobee from "a timely assertion of the privilege." Id. at 428, 104 S. Ct. at 1142.

Furthermore, like the circumstances in Murphy, the Court finds that Trobee was not in a

custodial arrest situation.  As the Supreme Court stated, "[i]t is unlikely that a probation

interview, arranged by appointment at a mutually convenient time, would give rise to a

similar impression" that the defendant had "no choice but to submit to the officers' will

and to confess." Id. at 433, 104 S. Ct. at 1145.

Moreover, there is no indication that Trobee would have been penalized for

exercising his Fifth Amendment rights.  Like the circumstances in Murphy, there is no

direct evidence that Trobee would have been revoked if he asserted his Fifth

Amendment privilege. See id. at 438, 104 S. Ct. at 1148.  Furthermore, a revocation of

supervised release requires a hearing before the Court. See 18 U.S.C. § 3583(e)(3).

Accordingly, this Court finds that neither exception to the rule requiring the invocation

of the Fifth Amendment privilege is applicable in this matter.  Trobee's admissions were

not made in violation of his Fifth Amendment rights.  As a result, the Court finds that

Trobee is not entitled to relief on this claim.

**B.     Unconstitutional Search and Seizure**

Trobee also alleges that his conviction was obtained as the result of an unlawful

search and seizure based upon his coerced admissions.  Even if the Court had not

previously determined that Trobee's admissions were not protected by the Fifth

9

Amendment, the Court would still find that the search of his person, place and possessions was permissible under the Fourth Amendment.

First, the Court notes that the probation officer's report indicates that Trobee consented to the search. See Trobee I at Docket #30. Second, as stated previously, one of the conditions of Trobee's supervised release required Trobee to submit to searches by his probation officer. See id. at Docket #29. Nonetheless, the Court will address whether the search was conducted in violation of Trobee's Fourth Amendment rights.

When asserting the protection of the Fourth Amendment, a defendant "bears the burden of proving that he had a legitimate expectation of privacy that was violated by the challenged search." United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995) (citing United States v. Kiser, 948 F.2d 418, 423 (8th Cir. 1991)). The United States Supreme Court held in United States v. Knights, 534 U.S. 112, 122 S. Ct. 587, 151 L. Ed 2d 497 (2001), that individuals serving a sentence of probation "'do not enjoy 'the absolute liberty to which every citizen is entitled.'"" United States v. Knights, 534 U.S. 112, 119, 122 S. Ct. 587, 591, 151 L. Ed. 2d 497 (2001) (quoting Griffin v. Wisconsin, 483 U.S. 868, 874, 107 S. Ct. 3164, 97 L. Ed. 2d 709 (1987)). Likewise, an individual serving a term of supervised release does not enjoy unlimited liberty. Cf. Samson v. California, 547 U.S. 843, 126 S. Ct. 2193, 2198, 165 L. Ed. 2d 250 (2006). Trobee was released with the understanding that he would abide by certain terms, including warrantless searches.

As a result, the Court finds that the search of Trobee's place of residence did not violate a legitimate expectation of privacy.

Moreover, the United States Supreme Court has held that warrantless searches of probationers and parolees are permissible when supported by reasonable suspicion. See Knights, 534 U.S. at 121, 122 S. Ct. at 592-93. Here, the probation officer had received information from the sheriff's department that Trobee was accessing the internet. Not only was the access of the internet a violation of Trobee's conditions of supervised release, it presented the same conditions under which Trobee had committed his offense of conviction, the possession of child pornography acquired through the use of the internet. See Trobee I at Docket #29. Thus, even without Trobee's admissions, the probation officer had sufficient cause to conduct a search of Trobee's residence.

Trobee also argues that the probation officer illegally searched the files on his computer as the files were encrypted to such a degree that it could not constitute a plain view search. This argument fails as special condition 15 required Trobee to consent to a search of such equipment. Again, the probation officer, having information that Trobee had been accessing online services without prior written approval of his probation officer, had sufficient information to support a search of any computer equipment in Trobee's possession. See Knights, 534 U.S. at 121, 122 S. Ct. at 592-93. As a result, the

11

Court finds that the search of Trobee's place of residence and his computers and the files thereon, did not violate his Fourth Amendment rights and Trobee is not entitled to relief on this claim.

**C.   Unlawful Arrest**

Trobee also alleges that his conviction was obtained through the use of evidence acquired by law enforcement pursuant to his unlawful arrest.  According to the Amended Supplemental Presentence Report in Trobee I, Trobee was not arrested until ten days after the search of his residence.  Paragraph 17 of this report states, "[h]e was not arrested prior to the search; however, he was advised of his rights by Investigator Young.  Adam was immediately placed at Community Alternatives of the Black Hills." The docket for Trobee I indicates that the warrant for Trobee's arrest regarding the supervised release violation was not issued, nor executed, until August 17, 2006, the day after the search of Trobee's residence occurred.   Furthermore, the docket for Trobee II, the underlying criminal proceeding to this action, indicates that the indictment was issued on October 18, 2006, followed by the issuance of an arrest warrant on October 19, 2006, and the execution of that warrant on November 2, 2006.  It does not appear that any evidence was gathered at the time of, nor after, Trobee's arrest.  As a result, the Court finds that Trobee is not entitled to relief on this claim.

**D.     Ineffective Assistance of Counsel**

Trobee also asserts that he received ineffective assistance of counsel during both the trial and appellate stages of his criminal proceeding.  To succeed on a claim of ineffective assistance of counsel, Trobee must show "'(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense.'" Becker v. Leubbers, 578 F.3d 907, 915 (8th Cir. 2009) (quoting Armstrong v. Kemna, 534 F.3d 857, 863, (8th Cir. 2008)). To demonstrate prejudice, Trobee must prove that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Armstrong v. Kemna, 534 F.3d 857, 867 (8th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. 2052.  Furthermore, "'[j]udicial scrutiny of counsel's performance is highly deferential, including a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008) (quoting Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)).

Trobee alleges that he received ineffective assistance because his counsel failed to file a timely motion to suppress the statements Trobee made to his probation officer and the evidence secured as a result of the warrantless search of Trobee's residence and

13

computers.   The Court finds that Trobee cannot succeed on this claim as he cannot show that he was prejudiced by counsel's errors.   For the reasons previously set forth, the Court finds that the admissions made by Trobee were not procured in violation of Trobee's constitutional rights.   Moreover, even if the Court had found that the admissions were obtained in violation of the Fifth Amendment, the evidence of the search would still have been admissible as the search was constitutional and based upon more than Trobee's admissions.   As a result, even if counsel had filed a timely motion to suppress, the motion would not have been successful as the evidence was not illegally obtained.   Accordingly, Trobee cannot show that the outcome of the proceeding would have been different but for counsel's failings.

Trobee further alleges that he received ineffective assistance of counsel when his counsel failed to provide Trobee a copy of his treatment records.   Again, the Court finds that the outcome of the proceedings would not have been different if Trobee would have had a copy of his own treatment records.   As a result, this claim must also fail.

Trobee additionally alleges that he received ineffective assistance during the appellate stage of his proceedings because he was denied counsel.   Trobee was, however, represented by counsel on appeal.   United States v. Trobee, #07-3200 (8th Cir.), Docket entry dated September 25, 2007.   However, after the Eighth Circuit issued its opinion and judgment regarding the matter, counsel moved to withdraw.   See id. at

Docket entry dated January 12, 2009. Trobee then moved for the appointment of

counsel for the purposes of petitioning the Eighth Circuit for rehearing. See id. at

Docket entry dated January 27, 2009. It was then that the Eighth Circuit denied his

motion for counsel. See id. at Docket entry dated February 12, 2009. The Eighth Circuit

has held, however, that due process only "guarantees a criminal defendant a

constitutional right to counsel for [his] first appeal." Steele v. United States, 518 F.3d

986, 988 (8th Cir. 2008). Moreover, "where there is no constitutional right to counsel,

there can be no deprivation of effective assistance." Simpson v. Norris, 490 F.3d 1029,

1033 (8th Cir. 2007) (citing Wainwright v. Torna, 455 U.S. 586, 102 S. Ct. 1300, 71 L. Ed.

2d 475 (1982)). As a petition for rehearing is not part of the normal course of a first

appeal, the Court finds that Trobee did not have a constitutional right to the assistance

of counsel at that stage of the proceedings and therefore could not have received

ineffective assistance of counsel. Accordingly, the Court finds that Trobee is not entitled

to relief on this claim.

**E.      Involuntary Plea**

Trobee also alleges that his plea was unknowing and involuntary. The United

States Supreme Court has held that "the voluntariness and intelligence of a guilty plea

can be attacked on collateral review only if first challenged on direct review." Bousley

v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). As

Trobee did not allege in his direct appeal that his plea was involuntary and/or

unintelligent, he has procedurally defaulted the claim and may not pursue it without

showing either cause or actual prejudice. See id. at 622, 118 S. Ct. at 1611. Trobee has

not presented evidence of either and as a result, the Court will not consider this claim.

Even if the claim had not been procedurally defaulted, the Court finds that

Trobee's plea was knowing and voluntary. "To be voluntary, the plea must be

knowingly and intelligently made. A plea is not 'intelligent' unless the defendant first

receives 'real notice of the true nature of the charge against him,' and the defendant, his

attorney, and the court correctly understood the essential elements of the crime."

United States v. Morgan, 230 F.3d 1067, 1070-71 (8th Cir. 2000) (quoting Bousley, 523

U.S. at 618, 118 S. Ct. 1604). Trobee does not contend that he did not understand the

nature of the charge against him or that he did not understand the essential elements of

the crime. Rather, Trobee contends that his plea was involuntary because he expected

his "appeal to allow a motion to suppress evidence in this case would be heard on it's

[sic] merits. I agreed to a conditional plea contingent upon that merit review." Trobee

v. United States, CIV. 10-5093-RHB (D.S.D. December 13, 2010), Docket #1.

The plea agreement in the underlying criminal matter provides in Paragraph O

as follows:

> Defendant hereby waives any right to appeal any and all motions, defenses,
> probable cause determinations, and objections which he has asserted or could

assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742. The parties agree that expressly excluded from this waiver of defenses and appeal rights is the defendant's right to appeal the district court's denial fo his motion to suppress as well as the district court's sentence for a determination of 'reasonableness' should the Court impose a sentence above the advisory guideline range established by the Court for the offense.

Trobee II, Docket #32.

This provision of the plea agreement was specifically discussed between the Court and the attorneys and Trobee. See id. at Docket #46, Plea Transcript, p.6, ln.8 - p.12, ln.3. There is no question that Trobee was aware of the possible sentenced he faced. See id. at p. 5, ln. 19 - p. 6, ln. 7. Furthermore, it is clear from the plea colloquy that Trobee understood that there was a chance that he would not be successful on the appeal. See id. at p. 10, lns. 9-14. Furthermore, Trobee was fully informed as to the essential elements that the government was required to prove. See id. at p. 14, ln. 18 - p. 15, ln. 20. Trobee cannot now claim that because the appeal did not result in the outcome he desired that he was unaware of the charge facing him and the potential penalty he faced. As a result, the Court finds that Trobee's plea of guilty to the indictment was a knowing and voluntary plea.

F.      **Denial of Right to Appeal**

Trobee also alleges that he was denied his right to appeal his conviction when the Eighth Circuit denied his motion for appointment of counsel for the purpose of moving

17

for a rehearing. This allegation, that Trobee was denied his right to appeal, is belied by

the record. Trobee, in fact, pursued his appeal with the assistance of counsel. United

States v. Trobee, #07-3200 (8th Cir.). His case was briefed and orally argued before a

panel of the Eighth Circuit Court of Appeals. See id. at Docket entries dated September

25, 2007, and March 14, 2008. Upon denying his appeal, Trobee was given every

opportunity to file a petition for rehearing. See id. at Docket entry dated February 12,

2009. Again, the fact that the proceedings did not result in the outcome that Trobee

desired, does not mean that Trobee's rights were violated.

## G.      Double Jeopardy

Trobee also claims that his conviction was procured in violation of his right to be

free from double jeopardy. The underlying criminal conduct resulted in the revocation

of Trobee's supervised release and a sentence of two years incarceration. Trobee

reasons that it violates the prohibition against double jeopardy by bringing an

indictment regarding the same conduct for which he was punished under his

supervised release revocation.

"The Double Jeopardy Clause of the Fifth Amendment states that no person shall

'be subject for the same offence to be twice put in jeopardy of life or limb.' . . . 'This

protection applies both to successive punishments and to successive prosecutions for

the same criminal offense.'" United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009)

18

(citations omitted).  However, the Eighth Circuit has ruled that "[a] hearing to determine whether supervised release should be revoked . . . is not a criminal prosecution."  Id.  Furthermore, the Eighth Circuit has held that "the revocation of supervised release is a penalty attributable to the original conviction, not a new punishment."  Id.  As a result, the prosecution based upon criminal activity which was also the basis of proceedings to revoke supervised release does not violate the Double Jeopardy Clause.  Therefore, this claim must fail.

H.      **Forfeiture of Hard Drives**

        Within his claim of ineffective assistance of counsel, Trobee alleges that the judgment mistakenly requires the forfeiture of three computers and hard drives rather than just the three hard drives.  He further asserts that counsel's failure to note the mistake and move to correct the error resulted in ineffective assistance of counsel.  The Court rejects this assertion.  This is a clerical error that has no bearing on whether Trobee is in custody in violation of the Constitution or the laws of the United States.  The Court will, however, remedy the error under Federal Rule of Criminal Procedure 36.

                            **CONCLUSION**

        Based upon the foregoing discussion, the Court finds that Trobee is not entitled to relief under 28 U.S.C. § 2255 as he is not in custody in violation of the Constitution or

19

the laws of the United States.  Trobee has not shown that his Fifth or Fourth

Amendment rights were violated by the actions of the probation officer in conducting

an interview with Trobee or the search of Trobee's residence.  Furthermore, Trobee has

not shown that but for his counsel's errors the outcome of these proceedings would

have been different.  Nor has Trobee presented evidence of any other constitutional

violation.  Accordingly, it is hereby

ORDERED that the petition for writ of habeas corpus (Docket #1) is denied.

Dated this **11** day of February, 2011.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

20